GARY MURPHY, ONE OF THE HEIRS OF THE ESTATE OF MAURICE D. MURPHY, DECEASED, PETITIONER RELATOR, *v.* THE DISTRICT COURT OF THE FIFTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF DANIELS, RESPONDENT.

No. 13663.
Nov. 21, 1977.
571 P.2d 803.

Cate, Lynaugh & Fitzgerald, Billings, Jerome J. Cate (argued), Billings, for petitioner relator.

Garden, McCann & Schuster, Wolf Point, James A. McCann (argued), Wolf Point, for respondent.

ORDER

PER CURIAM:

Petitioner relator applied for a writ of supervisory control of other appropriate writ on January 13, 1977. This petition relates to an issue of law that has arisen in In the Matter of the Estate of Maurice D. Murphy, Deceased, in the District Court of the Fifteenth Judicial District, State of Montana, In and For the County of Daniels, the Hon. James Sorte presiding.

This Court ordered an adversary hearing to be held February 16, 1977, at 9:30 a.m., to determine whether this Court should take jurisdiction in this matter. On January 28, 1977, respondent filed a motion to continue the adversary hearing. The motion was granted and hearing was thereafter held on October 6, 1977 at 2:30 p.m. and the matter taken under advisement.

Five months prior to his death the deceased purchased by contract for deed a cattle ranch operation and obligated himself to pay $464,392.28. There has been a succession of administrators, including the petitioner herein, all authorized by the District Court to operate the ranch and borrow money. It apparently has become necessary to liquidate the ranch estate and the District Court has established a system of priorities for payment of claims. Petitioner relator in his application for a writ of supervisory control presented five issues for review by this Court:

(a) Is a writ of supervisory control proper in a case of this nature wherein the District Court has ordered the payment of debts and claims in an insolvent estate on the basis of a system of priorities contrary to Montana law?

(b) Did the District Court err in granting last priority among debts and claims of an insolvent estate to monies advanced by a successor administrator, which monies were reasonably and necessarily advanced for the preservation of estate assets?

(c) Are monies advanced and services rendered by a successor administrator for the preservation of estate assets expenses of administration?

(d) Is there any priority under Montana law among the various expenses of administration of an estate?

(e) Did the District Court err in failing to find that the Northeast Montana Production Credit Association was estopped from claiming priority for its claim, given the fact that it was aware the successor administrator was advancing monies to preserve estate assets?

Respondent District Court presented the problem in one issue:

Did the District Court err in its order and decree in directing that secured obligations of a decedent shall have priority over monies claimed to be advanced by a successor administrator for preservation of estate assets?

This Court declines jurisdiction in this matter for these reasons:

1) This is a fragmented appeal without the necessary record to support a review.

2) This matter comes to this Court on brief only. There is no evidence of a proper hearing in the District Court due to the absence of a transcript record.

3) If a hearing was had, we cannot be sure that all interested parties were represented.

4) We find no evidence in the court record of a determination of validity of the claims involved.

For these reasons the application of Petitioner Relator is dismissed without prejudice.